UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY HERNANDEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>N. LOPEZ, et al.,<br><br>　　　　Defendants. | Case No.: 1:15-cv-00180-AWI-BAM (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br>(ECF No. 1.)<br><br>THIRTY-DAY DEADLINE |

**I.　　Screening Requirement and Standard**

Plaintiff Henry Hernandez ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on January 8, 2015, and the matter was transferred to this Court on February 4, 2015. Plaintiff's complaint, filed on January 8, 2015, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Allegations in Complaint**

Plaintiff alleges as follows:

> Committe[e] action's date Feb-4, 2014 Correctional N. Lopez and C. Hopper, and D. Franco all they's [sic] committee[e] members denied my right to recive [sic] minimum custody right befor[e] the three judgement order Feb-10 2014 to give minimum custody good time credit's 33/.3 percent and it was not my annual UCC review; it is on 5/7/2014 my annual UCC review all other levels name's on 602 Appeal See B. Section Full Name's, officials and position's and placement of [employment] Frist [sic] Level Review Aven[a]l State Prison, H. Hatten, CCII Facility : #D, Second Level; June-4-2014 C. Wofford; Warden Avenal State Prison Third Level Decision is Denied. K.J. Allen Appeals Examiner: R. L. Briggs (A) Office of Appeals; and asking the three judge [panel] to make a fair decision: on my claim civil suit with respect to the three judge's.

(ECF No. 1, p. 2.) As relief, Plaintiff wants the "three judge [panel] that gave minimum custody good time credits at 33/3 [percent] to minimum custody prisoner's as my self [order] of the three judge panel make a decision on my relief award for [refusing] my right's by state officials give to me minimum credits. Make your decision on my award." (ECF No. 1, p. 2.)

2

### III. Deficiencies of Complaint

Plaintiff's complaint is unclear and lacks basic facts. Plaintiff appears to complain about the failure to receive minimum custody good-time credits at the proper rate while incarcerated at Avenal State Prison.

#### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

As noted above, Plaintiff's complaint lacks basic facts, including what happened and who was involved. More importantly, Plaintiff's complaint does not sufficiently and succinctly state the basis for his claim. Plaintiff will be given leave to cure these deficiencies.

#### B. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to

3

perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff fails to link any individual defendant to a constitutional violation. While he identifies certain individuals as committee members, he does not clearly identify the constitutional violation. Critically, Plaintiff does not identify what any individual defendant did or did not do that resulted in a violation of his rights. Plaintiff will be given leave to cure these deficiencies.

### C.  Application of Time Credits

Although the precise nature of the claim and Defendants' involvement are not clear, Plaintiff may not challenge the length of his sentence in a section 1983 action. Wilkinson v. Dotson, 544 U.S. 74, 78, 125 S.Ct. 1242 (2005). Plaintiff's sole remedy for the failure to properly credit time credits to his sentence lies in habeas corpus. Wilkinson, 544 U.S. at 78. Accordingly, this claim is not cognizable.

### IV.  Conclusion and Order

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable section 1983 claim. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to cure the identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended

complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

    Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed with leave to amend;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and

4. <u>If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and failure to state a claim</u>.

IT IS SO ORDERED.

    Dated:   **July 20, 2015**              /s/ *Barbara A. McAuliffe*
                                                  UNITED STATES MAGISTRATE JUDGE