UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY HERNANDEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>N. LOPEZ, et al.,<br><br>    Defendants. | Case No.: 1:15-cv-00180-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY A COURT ORDER, AND FAILURE TO PROSECUTE<br><br>(ECF No. 15)<br><br>FOURTEEN-DAY DEADLINE |

        Plaintiff Henry Hernandez ("Plaintiff"), a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, initiated this action on January 8, 2015. On July 20, 2015, the Court dismissed Plaintiff's second amended complaint with leave to amend within thirty days. (ECF No. 15.) Plaintiff was warned that if he failed to file an amended complaint in compliance with the Court's order, this action would be dismissed for failure to obey a court order and failure to state a claim. (Id. at 5.) The deadline for Plaintiff to file his amended complaint has passed, and he has not complied with or otherwise responded to the Court's order.

        Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n

1

1  the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal."
2  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with
3  prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to
4  comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for
5  noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal
6  for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service,
7  833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court order).

8        In determining whether to dismiss an action, the Court must consider several factors: (1) the
9  public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3)
10 the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their
11 merits; and (5) the availability of less drastic sanctions.  Henderson v. Duncan, 779 F.2d 1421, 1423
12 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

13       The Court finds that the public's interest in expeditiously resolving this litigation and the
14 Court's interest in managing the docket weigh in favor of dismissal.  This action has been pending
15 since January 2015.  Plaintiff has made no attempt to contact the Court or otherwise comply with the
16 Court's July 20, 2015 order.  The Court cannot hold this case in abeyance awaiting such compliance
17 by Plaintiff.  The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a
18 presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.
19 Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring
20 disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal
21 discussed herein.  Finally, the court's warning to a party that failure to obey the court's order will
22 result in dismissal satisfies the "considerations of the alternatives" requirement.  Ferdik, 963 F.2d at
23 1262; Malone, 833 at 132-133; Henderson, 779 F.2d at 1424.  The Court's July 20, 2015 order
24 granting Plaintiff leave to amend his complaint expressly stated, "If Plaintiff fails to file a first
25 amended complaint in compliance with this order, this action will be dismissed for failure to obey a
26 court order and for failure to state a claim."  (ECF No. 15, p. 5.)  Thus, Plaintiff had adequate warning
27 that dismissal could result from his noncompliance with the Court's order.
28

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed based on Plaintiff's failure to comply with the Court's July 20, 2015 order, for failure to state a claim, and for failure to prosecute.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 31, 2015**                    /s/ Barbara A. McAuliffe
                                                UNITED STATES MAGISTRATE JUDGE